Howell, J.
This appeal is taken by the curator of this succession from a judgment on his and other oppositions to an account, filed by Shepherd Brown, his predecessor in office.
The items opposed are:
1. Curator’s commissions, $13,9’89 48.
2. Notary’s charge for inventory, $500.
8. Fee of attorney for curator, $3,000.
4. Fee of attorney for absent heirs, $1,400,
*23 I. Commissions are claimed on the value of the land, slaves, cotton and plantation movables, as appraised in the inventory made in the parish of Tensas, and a large quantity of com not inventoried; the appraised value of vacant lots and other property not sold, and the proceeds of real and personal property sold in Now Orleans, and the amount of several notes delivered to appellant.
The Court below allowed commissions to the amount of $6,464, oil the appraised value of the slaves, cotton, com and mules in Tensas parish, and of the property in the city; and Brown, the appellee, aslcs that the judgment be amended so as to allow the first commissions charged.
The property of the succession was inventoried in September and October, 1861, upon the application of the attorney for absent heirs. Brown obtained letters of curatorship on 31st day of October, 1861, and, upon his petitions, real and personal property in New Orleans, was sold in November, 1861, and March, 1862, to the amount of $54,713 55, and $2,500, not inventoried, collected by him. After the 4th February, 1862, he does not appear in any proceedings in this record, until the 2d day of September, 1865, when being called on by the appellant, he rendered the account now opposed, with several statements and receipts for money paid without authorization from the Court.
In March, 1865, R. II. Bayley, the appellant, was appointed curator, and entered upon the administration of the succession. Brown does not question the regularity or legality of this appointment, but acquiesces by rendering the account, and obtaining an order of Court thereafter to turn over certain property and notes in his j>ossession to Bayley, as the curator. ■
The slaves were emancipated in January, 1863; the cotton, inventoried in 1861, with that produced in 1862, was burned, and the com raised in 1863, taken by hostile forces, and a large portion of the plantation movables taken off by the emancipated negroes, and other parties. The plantation seems to have been under the control of vigilance committees for two or three years.
The question presented by Brown for onr solution, is: “If, after a curator has given bond for property, and has advanced large sums of money to protect it, the property is destroyed by a force superior to him and every person whom ho represents, shall he be allowed commissions on the amount intrusted to him, and for which he gave his bond?”
We have to remark that their is no evidence in the record, that he advanced any money to protect the property, or that he gave any care or attention to that in the country. On the contrary, the record presents evidence of official delinquency, which, we trust, is unusual. A few months after his appointment lie voluntarily abandoned his functions, left the city without appointing an agent or attorney to represent him, and without t iking the oath of allegiance mcissarg for the performance af his duties, went into the Confederate lines, carryi ¡g with him the fuuds of the succession, and did not return until August, 1865.
By refusing to take the oath of allegiance, and going beyond the jurisdiction of the proper authority, he became fundus officio, and lost all right to control or administer the property any further, and all claim to *24 any commissions, except on sums received or recovered by him prior to his abandonment of his trust.
Wo consider that he was out of office before the alleged destruction of the property, and as ho does not show any acts of special administration thereon while in office, the solution of the question, propounded by him in the affirmative, will not benefit him. Articles 1187 and 1188 C. C. give the curator of a vacant succession, who has only partially administered, and whose term of office is to be extended, or who is to be replaced by another, commissions only on the amount he has received. See 3 A. 624, Succession of Bat/.
The only commission to which a succession can bo subjected for its compílete administration, is 2J pier cent, on the amount of the inventory, after deducting bad debts; and if, under the above principle, the appelIc-e, Brown, had turned over the property to his successor, he would not be entitled to commissions thereon, his condition certainly would not bo bettered by the destruction of the property, especially when it was destroyed and lost to the succession, after he abandoned his trust.
The corn, not inventoried, on which commissions are claimed, was raised in the year 1863, and of course not under his authority.'
The cases cited by his counsel do not sustain his piretensions.
We think the District Judge erred in allowing commissions on the value of the slaves, cotton and plantation movables; and wo are informed by counsel the commissions on the amount of the inventory in New Orleans have been paid by the heirs, who it appears have been put in possession of the estate, and are parties to this appeal. The sum thus paid should be increased by the commission on the §2,500 not mentioned, but included in the account.
II. As regards the notary’s charge there is now no controversy, -as it has been reduced to §100 by consent of all piartics.
III. We are informed by counsel for the heirs, and it is admitted by counsel for Brown, that the fee of the latter has been paid with the assent of the heirs.
IV. In regard to the fee of the attorney for absentheirs, who, by opposition and by answer to the appeal demand its increase, we think the sum placed on the account for services during Brown’s administration, far too high; but evidence is admitted of services rendered since, and considering the question of his full compensation, as attorney for absent heirs, now before us, we will not reduce the amount, remarking, however, that such fees should be graduated by the value of the services'rendered for the benefit of the absent heirs, and that Courts cannot bo too careful to avoid the reproach of making extravagant allowances to counso-1, in the administration of estates. Sec 9 L. 284, Stein v. Bowman.
It is therefore ordered that the judgment appealed from bo amended by reducing the curator’s commissions from §6,464 to §1,210 50, and as thus amended it be affirmed. Costs of appeal to be paid by S. Brown, the appellee.